UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID FRYE, TRUSTEE, WARD DANIELS, TRUSTEE, and INDIANA LABORERS WELFARE, PENSION, TRAINING, AND DEFINED CONTRIBUTION TRUST FUNDS, <br><br> Plaintiffs, <br><br> v. <br><br> D&M EXCAVATING, INC., <br><br> Defendant. | CAUSE NO.: 1:25-cv-1557 |

## COMPLAINT

Come now the Plaintiffs, by their attorney, and for a cause of action against the Defendant allege and show to the court as follows:

### Preliminary Allegations

1. Plaintiffs, the Indiana Laborers Welfare, Pension, Training, and Defined Contribution Trust Funds (hereinafter "the Funds"), are employee welfare plans, which pursuant to collective bargaining agreements between unions and employers, receive contributions on behalf of the employees of these employers. The Funds have a principal place of business in Terre Haute, Indiana.

2. Plaintiff David Frye is a Trustee of the Training Fund, and is a resident of Hendricks County, Indiana.

3. Plaintiff Ward Daniels is Trustee of the Welfare, Pension and Defined Contribution Funds and is a resident of Hamilton County, Indiana.

4. Defendant D&M Excavating, Inc. ("D&M Excavating") is an Indiana corporation with a principal place of business in Michigan City, Indiana.

5. At all relevant times D&M Excavating was a party to and has agreed to abide by the terms of the NWI Contractors Association and the Laborers' International Union of North America, State of Indiana District Council (Local Unions No. 41 and 81) collective bargaining agreement. A copy of this Acceptance of Working Agreement is attached as Exhibit A.

6. The Funds are a third-party beneficiary to these labor agreements.

### Count I – ERISA Violations

7. Plaintiffs hereby incorporate by reference all allegations in rhetorical paragraphs one (1) through five (6).

8. This Court has jurisdiction based upon Section 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1132); and Section 209(a) and (b) of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1059(a) and (b)); arising from the Defendant's violation and continued refusal to comply with collective bargaining agreements, Trust Plans and Trust Agreements.

9. The Funds are employee benefit plans, within the meaning of Sections 3(1)(2)(3)(21) and 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. § 1002(1)(2)(3)(21) and 1132).

10. David Frye and Ward Daniels, Trustees of the aforementioned Funds, are fiduciaries within the meaning of Section 3(21) of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1002) and brings this action on behalf of the participants and Trustees of the Plaintiff Funds.

11. D&M Excavating is an employer and is a party in interest in industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1002(5)(11)(12) and (14) and §1059).

12. The Funds are employee welfare plans, which pursuant to collective bargaining agreements between unions and employers, receive contributions on behalf of the employees of these employers.

13. D&M Excavating is a party to and has agreed to abide by the terms of a collective bargaining agreement between itself and LIUNA.

14. Through the executed collective bargaining agreement, Defendant agreed to file monthly benefit reports and make contributions to the Funds on behalf of its employees.

15. D&M Excavating has failed to make timely contributions to the Funds for and on behalf of its employees, failed to perform its obligations under the terms and conditions of the collective bargaining agreements and Trust Agreements of the Funds, and is additionally in violation of Section 515 of the Employee Retirement Income Security Act of 1974, as amended.

16. Despite demands that D&M Excavating perform its contractual obligations, the Defendant has failed, neglected, omitted and refused to make those payments and submit those benefit reports.

17. The Funds are entitled by the terms of Section 502(g)(2) of ERISA, as amended by the Multi-Employer Pension Plan Amendments Act of 1980 to payment of the delinquent contributions, liquidated damages, and interest, as provided in Section 502(g)(2), 29 U.S.C. §1132(g)(2) of ERISA.

18.     The Funds are further entitled by the terms of Section 502(g)(2) of ERISA, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to their attorney fees incurred in bringing this action against the Defendant.

19.     During the course of this litigation, additional contributions and/or delinquency charges may become due and owing.  If Defendant fails to pay these contributions and/or delinquency charges, the Funds ask the Court to include as part of this action at the time of trial or judgment, whichever is later, such additional amounts.

20.     During the course of this litigation, the Defendant may continue to fail to submit the required monthly benefit reports on behalf of its employees to the Funds.  If Defendant fails to submit the required monthly benefit reports, the Funds ask the Court to include as part of this action at the time of trial or judgment, whichever is later, a requirement that Defendant submit full and complete copies of such monthly benefit reports.

WHEREFORE, Plaintiffs demand the following relief:

1.     A judgment on behalf of Plaintiffs in the amount of Defendant's delinquencies to the Funds, plus liquidated damages and interest assessments, reasonable attorney's fees and collection costs of this action, all as provided in 29 U.S.C. §1132(g)(2).

2.     For such other, further, or different relief as the Court may deem just and proper.

Respectfully Submitted,

/s/Neil E. Gath
Neil E. Gath, #11193-49
*Attorney for the Plaintiffs*

GATH LAW OFFICE
P.O. Box 44042

Indianapolis, IN 46244
Telephone: (317) 489-5715
Facsimile: (317) 602-2180
ngath@gathlaw.com